**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS OMAR CARDENAS PARRA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-319 <br><br> Agency No. A213-082-569 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 08, 2023[**]
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,[***] District Judge.

Carlos Omar Cardenas Parra petitions for review of a Board of

Immigration Appeals ("BIA") order upholding an immigration judge's ("IJ")

denial of cancellation of removal under 8 U.S.C. § 1229b(b). Cardenas Parra

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

argues only that the IJ—and the BIA by agreeing with the IJ's decision— violated his due process rights by failing to consider all relevant evidence in denying cancellation of removal. We have jurisdiction over such constitutional questions, but only if the claim is not insubstantial or frivolous. *See* 8 U.S.C. § 1252(a)(2)(D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009).

The due process claim is frivolous. The IJ explicitly mentioned the evidence that Cardenas Parra claims the IJ failed to consider: the ages of his United States citizen children, his regular weekend visits to see his children and provision of emotional and financial support to them, and his children's mother's lack of lawful immigration status. The IJ then stated that he "weighed all the evidence of the record, both individually and cumulatively on the issue of exceptional and extremely unusual hardship." The IJ's statements about Cardenas Parra "bypass[ing] the line" do not show that the IJ ignored any evidence relevant to the hardship determination. We therefore lack jurisdiction.[1]

**PETITION DISMISSED.**

---

[1] Cardenas Parra does not challenge the merits of the BIA's determination that he failed to establish the requisite hardship for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *Mendez-Castro*, 552 F.3d at 978. Thus, we have no occasion to address the applicability of *De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1290–91 (9th Cir. 2022) (suggesting that the hardship determination for cancellation of removal may be a mixed question of law and fact subject to judicial review).